IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Johnny Lee Paden, Jr., # 154700, )<br>  )<br>  Petitioner, )<br>  )<br>v.  )<br>  )<br>Larry Cartledge, )<br>  )<br>  Respondent. )<br>_____) | Civil Action No. 6:14-3335-TMC<br><br>**ORDER** |

Petitioner, a state prisoner proceeding with the assistance of counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 14) be granted without the holding of an evidentiary hearing. (ECF No. 27). Petitioner was advised of his right to file objections to the Report, and he filed timely objections. (ECF No. 31).

The magistrate judge makes only a recommendation to the court. The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *Id*.

As noted above, Petitioner filed objections to the Report which the court has carefully reviewed. Petitioner's objections merely restate the arguments he made to the magistrate judge. *See* (ECF No. 31 at 1–2). Objections 2 and 5 expressly state that Petitioner objects for the

1

"reasons previously stated in his response to motion for summary judgment." (ECF No. 31 at 2). "The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, No. 2:14CV50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (citing *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). It follows that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Id.* (citing *Abou–Hussein v. Mabus,* No. 2:09–1988–RMG–BM, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010)). Finding no clear error, the court finds Objections 2 and 5 unpersuasive.

Objections 1, 3, and 4 re-raise the same argument Petitioner made to the magistrate judge. *See* (ECF No. 31 at 1) (citing his response in opposition to the motion for summary judgment as a basis of his objection). The magistrate judge found that the claim about Officer Zoila Diaz's testimony was procedurally barred because the state post-conviction relief (PCR") court did not specifically rule on that claim. (ECF No. 27 at 17). Petitioner claims that the magistrate judge committed error because he attempted to file a motion to alter or amend a judgment pursuant to S.C. R. Civ. P. 59(e) to have the PCR court specifically address that issue. (ECF No. 31 at 1). However, that motion was never filed. (ECF No. 31 at 1). Even assuming that Petitioner's unfiled motion is sufficient to bypass the procedural bar, Petitioner's claim would still fail on the merits. As thoroughly discussed by the magistrate judge, the evidence was admissible pursuant to exceptions to the hearsay rule, and in any event, the evidence was cumulative and any such error by trial counsel did not prejudice Petitioner.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the court finds Petitioner's objections are without merit and adopts

2

the Report. Accordingly, Respondent's motion for summary judgment (ECF No. 14) is **GRANTED** without the holding of an evidentiary hearing.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

August 31, 2015
Anderson, South Carolina